# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANNIE JOUANNY**, <br> 5573 Seminary Rd <br> Unit 110 <br> Falls Church, VA 22041 <br><br> Plaintiff, <br><br> v. <br><br> **EMBASSY OF FRANCE IN THE UNITED STATES**, <br> 4101 Reservoir Road, N.W. <br> Washington, DC 20007 <br><br> Serve to: <br> Ministry of Foreign Affairs <br> 37, Quai d'Orsay <br> F - 75351 PARIS <br> FRANCE <br><br> Defendant. | Civil Action No. |

## COMPLAINT

## INTRODUCTION

1. This is an action for equitable relief and damages, based on discrimination and harassment in the workplace due to Plaintiff Annie Jouanny's ("Plaintiff" or "Ms. Jouanny") age (then 62 years old) and in retaliation for protected activity in violation of her rights under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, as amended.

2. The Cultural Service of the Embassy of France in the United States ("Defendant" or "the Embassy") subjected Ms. Jouanny to discrimination and harassment on the basis of her age when Ms. Jouanny's supervisor, Gilles Cotes Du Moulin ("Mr. Du Moulin")

1

proposed her termination from work while retaining a younger employee, Diane Ngandjeu (under 40 years old with two years of tenure) in the same position, and then rescinded Ms. Jouanny's termination and offered her a new contract for employment in a lesser position than what they had offered her younger comparator after she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and met with an employment attorney.

3. Defendant retaliated against Ms. Jouanny by promoting her younger comparator (less than 40 year old) to a more favorable administrative position and by changing the terms and conditions of Ms. Jouanny's employment under the new employment contract, offering her a less favorable position than the one she had previously held, as described more fully below.

## JURISDICTION

4. This Court has jurisdiction over Ms. Jouanny's claims pursuant to 28 U.S.C. § 1330 as Defendant is a foreign state and has waived its immunity pursuant to 28 U.S.C. § 1605, by participating in the EEOC review process and implicitly by engaging in commercial activity in the United States.

## VENUE

5. At all times relevant to this complaint, Ms. Jouanny was employed by the Embassy of France, which is located in Washington D.C. Venue is proper in this district under 28 U.S.C. §§ 1391(f)(1) and (4), as the events or omissions giving rise to Ms. Jouanny's claims occurred in the District of Columbia and a civil action against a foreign state may be brought into the United States District Court for the District of Columbia.

## PARTIES

6. Plaintiff Annie Jouanny is an adult resident of the Commonwealth of Virginia and was, at all times relevant to this Complaint, a person within the meaning of 29 U.S.C. § 630(a) and an employee within the meaning of 29 U.S.C. § 630(f).

7. The Embassy of France, Defendant, was, at all times relevant to this Complaint, an employer within the meaning of 29 U.S.C. § 630(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Ms. Jouanny contacted the Equal Employment Opportunity Commission ("EEOC") Washington Field Office ("WFO") on or about October 25, 2015 regarding discrimination at the Embassy of France and filed a charge of discrimination against the Embassy. Such charge was filed within 300 days after one or more of the alleged unlawful employment practices in violation of 29 U.S.C. §§ 621-634 had occurred.

9. On or about October 25, 2015, Plaintiff received via USPS mail, a Notice of Right to Sue from the EEOC that was dated October 22, 2015. This notice gave Plaintiff ninety days from the receipt of the notice to file her Complaint related to her ADEA claims.

10. The Court was closed January 22 - 26, 2016 due to inclement weather, so this complaint is being filed on Wednesday, January 27, 2016.

11. Ms. Jouanny has exhausted all administrative remedies required to bring the instant complaint.

## FACTUAL BACKGROUND

12. Ms. Jouanny is a female who was born in France on November 12, 1951, which made her 62 years old or older at the time Defendant's unlawful acts began.

13. Ms. Jouanny is a U.S. Citizen.

14. Plaintiff became an employee of Defendant on May 27, 1986. At all times relevant to this complaint she was employed as a receptionist within the Embassy where she was tasked with answering the telephone, screening and directing calls, taking and relaying messages, providing information to callers, greeting people entering the Embassy, directing people to the correct destination, dealing with queries from the public and customers, ensuring knowledge of staff movements in and out of the Embassy, monitoring visitor access and maintaining security awareness, providing general administrative and clerical support, receiving and sorting mail and deliveries, maintaining an appointment diary either manually or electronically, monitoring and maintaining office equipment, controlling inventory relevant to the reception area, tidying and maintaining the reception area.

15. There were two other receptionists at the main desk that handled phone calls along with Ms. Jouanny: Rosie Clam (over 40 years old with 14 years of tenure) and Diane Ngandjeu (under 40 years old with two years of tenure).

16. Ms. Jouanny performed well for Defendant, consistently receiving positive feedback from her supervisors. She has never been reprimanded or written up during her entire career and was seen as a model employee who was known to be punctual, professional, and reliable. She had no problems with her prior supervisors, Mr. Chaneux, Mr. Lefevere, and Mr. Enguine, who treated her well.

**Discriminatory Termination**

17. Despite her stellar performance, on or around March 20, 2014, Ms. Jouanny received a letter from her supervisor, the Embassy's Operations Manager, Mr. Gilles Cotes Du

4

Moulin notifying her in advance that her employment would be terminated on November 30, 2014. Ms. Clam (over 40 years old) also received the same letter, but the younger employee, Ms. Ngandjeu did not.

18. In April 2014, when Ms. Jouanny pleaded with Mr. Du Moulin about wanting to continue to work at the Embassy, he told Ms. Jouanny that she should seek employment at Macy's because they have senior women working there. Ms. Jouanny felt degraded when he said this to her.

19. She thought that after working for the Embassy for over 27 years with an excellent performance record, she would have been treated like a valued employee instead of like an old mare that was being sent out to pasture.

20. Ms. Jouanny received a letter dated April 15, 2014, that offered her a severance in return for her signing documents that said she would not pursue legal action against the Embassy for terminating her. She did not accept the severance because she felt that she was being discriminated against based on her age.

21. Ms. Jouanny received a letter dated September 4, 2014, where Defendant offered her a slightly higher severance amount in return for her signing documents that said she would not pursue legal action against the Embassy for terminating her. She did not accept the severance for the reason listed above.

22. Defendant's alleged reason for terminating her employment was that it decided to modernize its telephone system, as well as its security system due to budgetary constraints imposed by the Ministry of Foreign Affairs in Paris. However, Ms. Jouanny learned that the Embassy did not terminate Ms. Ngandjeu, the younger employee. She

remained in her receptionist position. This shows that the Embassy's reason for terminating Ms. Jouanny (and Ms. Clam) was mere pretext.

23. Because of Ms. Jouanny's uncertainty regarding her employment and the fact that she had been applying for jobs, but had not received any offers, she feared not being able to make her mortgage payments without any source of income after November 2014. As a result, she was forced to sell her home in September 2014 and had to sell many of her personal belongings and put some of her items in storage in order to move into a smaller apartment. This caused Ms. Jouanny much grief, anxiety, and depression.

24. Sometime in October 2014, when Ms. Jouanny approached the Ambassador about her upcoming termination, he told Ms. Jouanny that she should not be making a big deal about her termination, as she would be retiring in eighteen months anyways. Ms. Jouanny was stunned by his comment. She had not planned on retiring in eighteen months.

25. Ms. Jouanny filed her EEOC complaint on October 25, 2014.

26. Ms. Jouanny continued to plead with management that they not terminate her. Defendant offered Ms. Jouanny a lesser-paid and more difficult vigil position "aka" an outside security guard position at the Embassy's gate first in April 2014 and later in October 2014 after she filed an EEOC complaint. Ms. Jouanny believes Defendant did this because they knew she would decline the position.

27. The outside security guard position was a lesser and more difficult position that was not well suited for Ms. Jouanny at all.

28. The outside security guard position had changing and unpredictable hours, unlike her receptionist position.

6

29. The outside security guard position was also considered 80% of full-time, not 100% full-time, which offered her less pay than her receptionist position.

30. The outside security guard position would have required her to work on afternoons, weekends, holidays and night shifts, unlike her receptionist position.

31. The job advertisement for the outside security guard position also mentioned that experience in security was appreciated. Ms. Jouanny is an older woman with no security experience or martial arts training, which would have made it difficult for her to defend the gate if some attacker or intruder were to attempt to get past the gate.

32. In addition, Ms. Jouanny has issues with her cataracts, which make it difficult for her to guard a gate at night given that she cannot see well in the dark.

33. Ms. Jouanny declined the outside security guard position.

34. The fact that the Embassy offered Ms. Jouanny the lesser outside security guard position is further evidence of the Embassy treating her less favorably due to her age than it treated employees under 40 years old.

35. Defendant reached out to her on November 19, 2014, and rescinded its notice of termination and offered to keep Ms. Jouanny on in her old position at the downstairs reception desk by renewing her contract for another year.

36. In a meeting with Mr. Du Moulin, a day later, Ms. Jouanny requested a two-year extension, but Mr. Du Moulin offered her only a one-year extension.

37. Ms. Jouanny accepted the renewed contract with hesitation because she was afraid that she would continue to face age discrimination or worse yet, retaliation for having filed the EEOC complaint, but she felt she had no other choice given that she had not been able to find another job and had no other means of paying her mortgage.

## Continuing Discrimination & Retaliation

39. Ms. Jouanny learned that Defendant had offered Ms. Ngandjeu an administrative position upstairs in the Secretary General's office, which was a position that Ms. Jouanny should have been offered as the most tenured admin employee.

40. The administrative position upstairs in the Secretary General's office was a better and more favorable position to either the receptionist position at the downstairs reception desk where Ms. Jouanny, Ms. Claim, and Ms. Ngandjeu had all worked together and to the outside security guard position that she had been offered.

41. The upstairs administrative position is also more favorable because the Secretary General's office has two support staff working there, so the workload is more bearable.

42. Staffing the downstairs reception desk requires at least two people to perform the role adequately due to the number of visitors and calls the Embassy receives. Ms. Jouanny is currently being required to do all the work by herself.

43. Lea Namoune, another Embassy employee, told Ms. Jouanny that the Embassy does not even have enough work to have two administrative employees upstairs.

44. Ms. Jouanny has made multiple requests for assistance at the downstairs reception desk, but they were all refused by Mr. Du Moulin. Ms. Jouanny believes that they were refused in retaliation for filing her EEOC complaint and because Defendant was and is trying to pressure her to quit by overwhelming her with work.

45. Things have gotten progressively worse for Ms. Jouanny.

46. She is an undervalued employee despite her performance record and tenure. Specifically, her workload has nearly doubled, yet she has not received the additional support she

requested multiple times. Ms. Jouanny has expressed these concerns to her supervisor, but nothing has been done to address her concerns.

47. Mr. Duris (IT department) told her that the way management was treating her was not right.

**Damages**

48. Ms. Jouanny was hoping to retire on a good note from her career of service with the Embassy, but that is not possible now due to Mr. Du Moulin continuing to treat her differently due to her age and the fact that she has suffered economic, physical, mental, and emotional harm because of Mr. Du Moulin's targeting her due to her age.

49. Ms. Jouanny is a changed woman. She has had to seek therapy to try and cope with her work related stress and anxiety. Mr. Du Moulin's words and actions directed at her have worn on her and affected her mentally, physically, and emotionally.

50. The work-related stress has taken a toll on Ms. Jouanny's family relationships. She has lost endless nights of sleep along with having emotional highs and lows. She has also battled with anxiety, panic attacks, and depression due to the way she was and currently is being treated. She has experienced fluctuations in her weight due to emotional distress and currently takes anti-anxiety and sleep medication.

### COUNT I: AGE DISCRIMINATION & RETALIATION
### UNDER THE ADEA, AS AMENDED

50. Plaintiff Ms. Jouanny re-alleges, adopts and incorporates by reference all averments in the foregoing paragraphs.

51. The ADEA prohibits employers from discriminating against their employees because of their age.

52. Defendant was at all times relevant to this matter, the Ms. Jouanny's employer for all purposes under the ADEA.

53. Ms. Jouanny was over the age of forty (40) years (DOB: 1951) at all times relevant to this Complaint.

54. Defendant or employees acting on its behalf, including Mr. Du Moulin among others, knew of Ms. Jouanny's approximate age and the fact that she was over the age of forty (40) years at all times relevant to this Complaint.

55. Defendant or employees acting on its behalf, including Mr. Du Moulin among others, discriminatorily notified Ms. Jouanny of the termination of her employment as a receptionist and offered her a lesser part-time vigil position with lower level responsibilities.

56. Ms. Jouanny was treated more poorly than a younger (under 40 years old) full-time employee in the office, Ms. Ngandjeu, who was offered more favorable terms and conditions of employment within the Embassy.

57. Plaintiff, because of her age, was denied more favorable terms and conditions of employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, as amended.

58. After Plaintiff filed her EEOC complaint, Defendant offered to bring her back to work in a lesser position than what was offered to Ms. Ngandjeu.

59. Defendant's discrimination and retaliation against Plaintiff was an intentional or reckless disregard of Plaintiff's rights under Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, as amended.

60. Defendant engaged in the discriminatory and retaliatory actions described above with malice, or with a reckless indifference to Plaintiff's legal rights. The ADEA provides that Plaintiff is therefore entitled to liquidated damages for Defendant's actions alleged herein.

61. Plaintiff has been damaged as a result of Defendant's willful, intentional and unlawful conduct. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, continues to suffer, and will in the future suffer humiliation, distress, embarrassment, inconvenience, mental anguish, pain, suffering, injury and damages, including loss of income, litigation expense including attorney's fees, and consequential damages.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff Jouanny, by counsel, requests this Court to grant judgment against Defendant for all injuries proximately caused by Defendant's unlawful actions, including, but not limited to:

A. Enter judgment for Plaintiff against Defendant;

B. Declare that the conduct of Defendant is a willful violation of the Plaintiff's rights as secured by Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634;

C. Award Jouanny liquidated damages;

D. Award Jouanny full back and front pay including salary, benefits, entitlements, loss of professional status and career-enhancing opportunities, bonuses, cash awards, loss of retirement savings and benefits, and other remuneration and privileges of employment retroactive to the date of any unlawful action found to have occurred in this case;

E. Award Jouanny pecuniary and out-of-pocket expenses;

F.  Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Jouanny as a result of Defendant's actions and inactions, as well as pre- and post-judgment interest; and

G.  Order such other equitable and legal relief as the Court deems necessary and appropriate.

**ANNIE JOUANNY**
By Counsel:

_____
Monique A. Miles, Esq.
DC Bar No: 996026
Old Towne Associates, P.C.
216 South Patrick Street
Alexandria, VA 22314-3528
Alexandria, Virginia 22314-3528
Ph: 703-519-6810
Fax: 703-549-0449
mmiles@oldtowneassociates.com

*Attorney for Plaintiff*