**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
**Annie Jouanny,**                                          )
                                                                    )
    **Plaintiff,**                                   )
                                                                    )
      **v.**                                           )     **Civil No. 1:16-cv-00135 (APM)**
                                                                    )
**Embassy of France in the United States,**      )
                                                                    )
    **Defendant.**                                )
_____ )

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiff Annie Jouanny works as a receptionist at Defendant Embassy of France in the United States ("Embassy" or "Defendant"). She filed this action against the Embassy alleging age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34. Plaintiff, who was 62 years old when the alleged acts of discrimination began, claims that the Embassy discriminated against her by (1) planning to terminate her employment while retaining the services of a younger employee in the same position, and (2) offering Plaintiff a lesser-paid position while offering the same less experienced, younger employee a more favorable position. Additionally, Plaintiff alleges that she was retaliated against for filing a charge with the Equal Employment Opportunity Commission.

Before the court is Defendant's Motion to Dismiss, which advances three grounds for dismissal: (1) insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil

Procedure;[1] (2) failure to timely file a complaint under Rule 12(b)(1); and (3) failure to state a claim upon which relief can be granted under Rule 12(b)(6). Additionally, Defendant argues that summary judgment should be granted in its favor—even though Plaintiff has not been afforded any opportunity to take discovery—because Plaintiff cannot demonstrate that the Embassy's employment decisions were the product of a discriminatory motive. *Id.*

The court need consider only one of the grounds for dismissal put forward by Defendant: insufficient service of process. On this point, the court agrees with Defendant that Plaintiff has not accomplished proper service under the Foreign Sovereign Immunities Act. However, consistent with Circuit precedent, the court will not dismiss Plaintiff's Complaint and instead will grant her an additional 30 days from this date to effect proper service.

## II.   BACKGROUND

Plaintiff Annie Jouanny was born in France and is a U.S. citizen. Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 12–13. Plaintiff has worked as a receptionist at the Embassy of France in the United States, located in Washington, D.C., since the late 1980s. *Id.* ¶ 14; Def.'s Mot. to Dismiss, ECF No. 10 [hereinafter Def.'s Mot.], at 1. At the time the alleged discriminatory and retaliatory acts began, Plaintiff worked at the main reception desk with two other receptionists— Rosie Clam, who was older than 40, and Diane Ngandjeu, who was younger than 40. Compl. ¶¶ 14–15.

In March 2014, Plaintiff's supervisor sent both Plaintiff and Clam, but not Ngandjeu, identical letters stating that they would be terminated on November 30, 2014. *Id.* ¶ 17. Plaintiff

---

[1] The court notes that Defendant moved to dismiss based on "insufficient service of process (Rule 12(b)(4))," but insufficient service of process is covered under Rule 12(b)(5). Defendant did not discuss either Rule 12(b)(4) or Rule 12(b)(5) in its Motion to Dismiss or its Reply. The court will evaluate Defendant's Motion to Dismiss under Rule 12(b)(5) because "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur A. Miller, Federal Practical & Procedure § 1353 (3d ed. 2004) [hereinafter Wright & Miller]; *see also Olson v. Fed. Election Comm'n*, 256 F.R.D. 8, 10 (D.D.C. 2009) (citing Wright & Miller).

later learned that the Embassy planned to retain Ngandjeu, leaving Plaintiff feeling like "an old mare that was being sent out to pasture." *Id.* ¶¶ 19, 22.  Plaintiff claims that when she appealed to her boss not to terminate her, he told her instead to look for a job at Macy's because, in Plaintiff's words, "they have senior women working there." *Id.* ¶¶ 18, 26.  In April 2014, Defendant offered Plaintiff a lesser-paid and more physically demanding position as a security guard working outside the Embassy, which she declined, citing health concerns and the position's unpredictable hours. *Id.* ¶¶ 26–33.

On October 25, 2014, Plaintiff filed a complaint with the Equal Employment Opportunity Commission, alleging age discrimination.  *Id.* ¶ 25.  On November 19, 2014, Defendant rescinded its notice of termination and offered to keep Plaintiff on for another year in her old position—an offer that Plaintiff accepted.  *Id.* ¶¶ 35, 37.  Meanwhile, Defendant offered Ngandjeu a more favorable position as an administrative employee in the Secretary General's office, which involves a lighter workload.  *Id.* ¶¶ 39–44.

While Plaintiff continues to work at the Embassy, her workload has nearly doubled, her supervisor has refused her requests for assistance, and she has experienced health issues due to work-related stress.  *Id.* ¶¶ 44–46, 49–50.  Plaintiff filed her Complaint in this court on January 27, 2016, seeking relief under the Age Discrimination in Employment Act. *See* Compl.  Defendant filed a Motion to Dismiss on July 24, 2016, which is now before the court and ripe for consideration.  *See* Def.'s Mot.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  The plaintiff bears the burden of proving that she has effected proper service. *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751

(D.C. Circ. 1987)).  "To do so, [s]he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [which governs summonses] and any other applicable provision of law."  *Light*, 816 F. 2d at 751.  "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant."  *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).  Failure to effect proper service is thus a "fatal" jurisdictional defect, and is grounds for dismissal.  *See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C. 2008).

## IV.    DISCUSSION

### A.    Whether Plaintiff has Successfully Served the Embassy Pursuant to the Foreign Sovereign Immunities Act

The Foreign Sovereign Immunities Act ("FSIA") grants original jurisdiction to federal district courts in suits "against a foreign state . . . as to any claim for relief . . . with respect to which the foreign state is not entitled to immunity."  28 U.S.C. § 1330(a).  In deciding whether to exercise jurisdiction over a foreign state pursuant to the FSIA, courts must conduct a two-pronged inquiry to determine: "(1) whether service of the foreign state was accomplished properly, and (2) whether one of the statutory exceptions to sovereign immunity applies."  *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 171–72 (D.D.C. 2006); *see also* 28 U.S.C. § 1330(a)–(b).  Here, the court need only focus on the first prong—satisfactory service of process.

Service upon "a foreign state or its political subdivision, agency, or instrumentality must be . . . [accomplished] in accordance with 28 U.S.C. § 1608."  Fed. R. Civ. P. 4(j)(1).  The requirements for service under Section 1608 depend on the type of foreign entity being served.  A "foreign state or [its] political subdivision" must be served according to the steps laid out in Section

1608(a), and "an agency or instrumentality of a foreign state" must be served according to the requirements under Section 1608(b).  *See* 28 U.S.C. § 1608.

A foreign entity is considered a "foreign state" for purposes of the FSIA if it is an "integral part of a foreign state's political structure." *Transaero Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 151–53 (D.C. Cir. 1994).  Applying that test, courts in this District consistently have held that embassies, such as Defendant, are considered "foreign states" for purposes of the FSIA.  *See, e.g.*, *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32–33 (D.D.C. 2014) (collecting cases).  Thus, Defendant in this case qualifies as a foreign state under the FSIA, and this court may exercise jurisdiction over it only if Plaintiff served process in accordance with Section 1608(a).

Plaintiffs must strictly adhere to the requirements of Section 1608(a)—neither adequate notice of the suit nor substantial compliance will do.  *See Transaero*, 30 F.3d at 153–54.  Section 1608(a) outlines four methods of service, listing them in order of preference. *See Opati v. Republic of Sudan*, 978 F. Supp. 2d 65, 67 (D.D.C. 2013).  The preferred method of service is for a plaintiff to deliver a copy of the summons and complaint "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision."   28 U.S.C. § 1608(a)(1); *see also Howe*, 68 F. Supp. 3d at 31.  In the absence of such special arrangement, the second way to accomplish service is to deliver a copy of the summons and complaint "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2).  Failing the first two methods, a plaintiff may arrange for the clerk of the court to send a copy of the summons and complaint and a notice of suit to the head of the ministry of foreign affairs of the foreign state. *Id.* § 1608(a)(3).  Lastly, a plaintiff may request the clerk of the court to send two copies of the summons and complaint and a notice of suit to the Secretary of State, who then sends the papers via diplomatic channels to the foreign state. *Id.* § 1608(a)(4).

Here, Plaintiff contends that she successfully effected service under the second method—
"in accordance with an applicable international convention on service of judicial documents." *Id.*
§ 1608(a)(2). *See* Pl.'s Opp'n, ECF No. 11, at 4–5. In this case, that international convention is
the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil
or Commercial Matters ("Hague Convention"), to which the United States and France are
signatories.[2] The Hague Convention requires signatory states "to designate a Central Authority"
to receive service. *See* Hague Convention art. 2. The Central Authority for France is its Ministry
of Justice.[3]

Plaintiff here did not serve the Ministry of Justice; instead, she served the Ministry of
Foreign Affairs. *See* Aff. of Mailing, ECF. No. 4 (noting that summons and complaint were sent
via DHL to the "Embassy of France in the United States, *Ministry of Foreign Affairs*, DCD Press
Service, 1 Rue Robert Esnault Pelterie, Paris 75007 FRANCE" (emphasis added)). Because
Plaintiff did not serve the proper French authority under the Hague Convention, and Plaintiff was
required to strictly adhere to the requirements of Section 1608(a), this court lacks jurisdiction over
Defendant.

Notwithstanding this straightforward analysis, Plaintiff argues that this court can exercise
jurisdiction for two reasons. First, she complains that Defendant's counsel "played coy and
refused to accept service and also refused to provide a contact name at the Ministry of Foreign
Affairs." Pl.'s Opp'n at 5. But neither the FSIA nor the Hague Convention compels a foreign
sovereign to accept service through its counsel. Indeed, there may be perfectly legitimate reasons

---

[2] *See* Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, art. 31, Feb. 10, 1969, 20 U.S.T. 361, T.I.A.S. No. 6638 [hereinafter Hague Convention].
[3] *See* HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, France – Central Authority & practical information, https://www.hcch.net/en/states/authorities/details3/?aid=256 (last visited Dec. 7, 2016).

having to do with matters of foreign affairs why a sovereign might refuse the type of informal service that a private party might accept.

Second, Plaintiff also seems to assert that, because Defendant had notice of her suit, the court can properly exercise jurisdiction over the Embassy. *See* Pl.'s Opp'n at 3–4. ("Defendant was aware of Plaintiff's complaint after it was filed."). As previously stated, however, only strict adherence to the terms of Section 1608(a) will confer jurisdiction over a foreign sovereign. Actual notice of the suit is no substitute. *See Transaero*, 30 F.3d at 154.

### B.    Plaintiff's Further Opportunity to Effect Proper Service

Having found that Plaintiff failed to properly serve the Embassy under the FSIA, the court will grant Defendant's Motion, but only in part. The Court of Appeals has held that "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015) (internal quotation marks omitted). Here, if Plaintiff sends the summons and Complaint to the French Ministry of Justice in accordance with the Hague Convention, she will satisfy the requirements of Section 1608(a)(2). Alternatively, if unable to effect service under subsection (a)(2), she can attempt service under subsections (a)(3) or (a)(4).

The Embassy has not articulated any prejudice that it would suffer by the court permitting Plaintiff another opportunity to effect proper service. *See Barot*, 785 F.3d at 29. Moreover, unlike the 90-day time limit on service under Rule 4(m), under the FSIA there is an unlimited time period in which to complete service. *See id*. Therefore, Defendant will not be prejudiced if Plaintiff is allowed more time to serve her Complaint.

\* \* \*

Because Plaintiff failed to effect service, the court lacks jurisdiction to do anything more in this case. *See Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). For that reason, the court does not reach Defendant's other arguments for dismissal or entry of summary judgment. If Plaintiff effects proper service, then Defendant will be free to renew those arguments.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the court grants Defendant's Motion to Dismiss in part, but will not dismiss the Complaint. The court grants leave to Plaintiff to accomplish service pursuant to 28 U.S.C. § 1608(a) within 30 days of the date of this opinion. Failure to effect service within that time, or to seek additional time for service, may result in dismissal of this matter.

Dated: December 7, 2016

Amit P. Mehta
United States District Judge