# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
**ANNIE JOUANNY,**                           )
                                                        )
     **Plaintiff,**                     )
                                                        )
        **v.**                       )        Case No. 1:16-cv-00135 (APM)
                                                         )
**EMBASSY OF FRANCE IN THE**   )
**UNITED STATES,**                    )
                                                        )
     **Defendant.**                  )
_____ )

## MEMORANDUM OPINION

Plaintiff Annie Jouanny works as a receptionist at Defendant Embassy of France in the United States. She filed this action in January 2016, alleging that her employer retaliated against her for filing an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's retaliation claim, however, suffers from an obvious problem: Plaintiff did not raise the alleged retaliation with the EEOC *before* she filed this action. In an effort to cure that defect, Plaintiff amended her administrative complaint more than 13 months *after* filing suit to advance a retaliation claim, and the very next day the EEOC issued her a right-to-sue letter. Plaintiff did not, however, immediately move to amend her Complaint in this case to add an administratively exhausted retaliation claim. Instead, she waited another six months before asking for leave to amend.

Before the court are two motions. The first is Defendant's motion for judgment on the pleadings, which seeks to dismiss the retaliation claim in Plaintiff's original Complaint on the ground that the claim is not administratively exhausted. The second is Plaintiff's motion for

leave to amend her original Complaint, in which she seeks to add an administratively exhausted retaliation claim.

Having fully considered the parties' positions, the court concludes that Plaintiff's original retaliation claim must be dismissed because it is not administratively unexhausted, and that granting her leave to amend her Complaint to add a properly exhausted retaliation claim would be futile because such a claim is untimely. The court therefore grants Defendant's motion for judgment on the pleadings and denies Plaintiff's motion to amend her Complaint.

I

Plaintiff's original Complaint, filed on January 27, 2016, advanced two claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a)(1), 631(a): (1) age discrimination in connection with Defendant's threatened termination of Plaintiff's employment; and (2) retaliation based on Plaintiff engaging in activity protected under the ADEA. Compl., ECF No. 1. In a Memorandum Opinion issued June 5, 2017, the court dismissed Plaintiff's disparate treatment claim for failure to state a claim, but permitted her retaliation claim to proceed.[1] *Jouanny v. Embassy of France in the United States (Jouanny I)*, No. 16-00135, 2017 WL 2455023 (D.D.C. June 5, 2017). Because that decision summarizes Plaintiff's Complaint and the procedural history of this matter at that point, the court sets forth here only the procedural history and factual allegations necessary to resolve the present motions.

Plaintiff filed her first administrative complaint on October 25, 2014, asserting age discrimination by her employer; that complaint did not, however, advance a claim of retaliation or allege facts that would support such a claim ("Original EEO Complaint"). Pl.'s Status Report,

---

[1] Plaintiff took over a year to serve Defendant, thus accounting for much of the 16-month period between Plaintiff's filing of her Complaint and the court's ruling on Defendant's Motion to Dismiss. *See Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34 (D.D.C. 2016); Acknowledgement of Service and Renewal of Mot. to Dismiss, ECF No. 19.

2

ECF No. 23, Ex. 1, ECF No. 23-1 [hereinafter Original EEO Compl.]. Over two years later, and 13 months *after* she initiated this action, on March 8, 2017, Plaintiff amended her Original EEO Complaint to add a retaliation claim and to assert facts supporting that claim ("Amended EEO Compliant"). *Id.*, Ex. 3, ECF No. 23-3 [hereinafter Am. EEO Compl.]. Apparently, Plaintiff was moved to amend her Original EEO Complaint only after the court had ordered her to "submit[] evidence demonstrating that she exhausted her administrative remedies with respect to ADEA retaliation claim." Minute Order, Mar. 3, 2017.

After the court dismissed Plaintiff's discrimination claim in *Jouanny I*, Defendant filed a "Motion to Dismiss Retaliation Claim for Failure to Exhaust Administrative Remedies." Def.'s Mot. to Dismiss, ECF No. 27 [hereinafter Def.'s Mot.].[2] As the title of that motion implies, Defendant seeks dismissal of the retaliation claim on the ground that Plaintiff did not include it in her Original EEO Complaint and therefore failed to exhaust administrative remedies as to that claim. *See id.* at 2–3; Original EEO Compl. Additionally, Defendant contends that Plaintiff's Amended EEO Complaint came far too late and, as such, cannot save her original retaliation claim from dismissal. Def.'s Mot. at 3.

Following Defendant's "Motion to Dismiss," Plaintiff moved to amend her Complaint. Pl.'s Mot. for Leave to File Am. Compl., ECF No. 31 [hereinafter Pl.'s Mot. for Leave].[3] The allegations in the proposed Amended Complaint mirror those contained in Plaintiff's Amended EEO Complaint, filed six months earlier. *Compare* Pl.'s Mot. for Leave, Proposed Am. Compl.,

---

[2] Although styled as a "Motion to Dismiss," Defendant's Motion, technically speaking, is one for judgment on the pleadings under Rule 12(c) of the Federal Rule of Civil Procedure because Defendant filed its motion *after* filing an Answer. *See Douglass v. Dist. of Columbia*, 605 F. Supp. 2d 156, 161 (D.D.C. 2009). That difference, however, is immaterial, as the same legal standard applies to both types of motions. *See id.*

[3] At a hearing held on August 28, 2017, Defendant opposed Plaintiff's request to seek leave to amend, which the court overruled. The court, however, advised Defendant that it would not need to file an opposition to Plaintiff's motion because the court clearly understood Defendant's reasons for opposing such a motion. For that reason, there is no written opposition to Plaintiff's motion to amend on the record.

ECF No. 31-1 [hereinafter Am. Compl.], ¶¶ 38–53, *with* Am. EEO Compl., ¶¶ 21–32. The Amended Complaint avers that, after Plaintiff filed her Original EEO Complaint on October 25, 2014, her supervisors over the course of years repeatedly retaliated against her for engaging in protected activity under the ADEA. *See* Am. Compl. ¶¶ 25, 38–53. Specifically, Plaintiff alleges that in November 2014, Defendant passed her over for a "better and more favorable" administrative position in favor of a younger, less tenured employee. *Id.* ¶ 39. She also contends that, from November 2014 to July 2016, Defendant made her working conditions unbearable with the aim of getting her to quit. *Id.* ¶¶ 41, 47. Defendant did so by saddling her with a heavier work load, denying her multiple requests for assistance, relocating her to a back room that separated her from coworkers and the public, and affording her less generous break times than newly hired contract workers. *Id.* ¶¶ 41–53. Plaintiff thus maintains that Defendant retaliated against her for two years on an ongoing and continuous basis. *See id.* ¶¶ 51–53.

The court now turns to the parties' pending motions.

II

The court begins with Defendant's motion for judgment on the pleadings and resolves it easily. The ADEA requires employees to exhaust administrative remedies before initiating suit in federal court by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d)(1); *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998). A lawsuit that follows the EEO charge is limited in scope to claims that are "like or reasonably related" to the allegations in the charge and growing out of such allegations. *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995). "At a minimum," the claim "must arise from 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'" *Id.* (citation omitted). And, although the

exhaustion requirement is not meant to place a "heavy technical burden" on an employee, the requirement of "some specificity" in the charge is not a "mere technicality." *Id.* (internal quotation marks and citation omitted). In short, "[a] vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997).

A straightforward application of these principles makes clear that Plaintiff failed to exhaust administrative remedies as to her retaliation claim before filing this action. Plaintiff's Original EEO Complaint raised only a claim of age discrimination arising out of her threatened termination. Am. EEO Compl. In the section of the complaint form designated "Discrimination Based On," Plaintiff marked the box for "Age," but not the box for "Retaliation." *Id*. Moreover, the completed section of the form titled "The Particulars Are," reads, in its entirety, as follows:

> In 1986 I was hired as a Receptionist by the French Embassy.
>
> On or around March 20, 2014, I received an advance notice of my employment termination from Ms. Gilles Cottet-Dumoulin. Ms. Dumounlin told me that I should seek employment at Macy's because they hire older people. My employment termination will be effective on November 30, 2014.
>
> I believe that I have been discriminated against based on my age (62), in violation of the Age Discrimination in Employment Act of 1967, as amended.

*Id*. The foregoing description of events offers not even a hint that Plaintiff intended to raise a claim of retaliation. Finally, in the section titled "Date(s) Discrimination Took Place," Plaintiff identified as the "Earliest" date March 20, 2014, and as the "Latest" date November 30, 2014. *Id*. Those dates correspond, respectively, to the date Dumounlin notified Plaintiff of the decision to terminate her and the effective date of her anticipated termination, and thereby reinforce the conclusion that Plaintiff's charge was directed only to a disparate treatment claim based on her

5

age. In the end, Plaintiff's Original EEO Complaint contains nothing that would have put the EEOC on notice of a retaliation claim. Accordingly, Plaintiff's failure to exhaust her retaliation claim precludes her from asserting that claim in her original Complaint. *See Marshall*, 130 F.3d at 1098 (finding that the plaintiff had failed to exhaust a disparate treatment claim arising out of her imminent termination where the administrative complaint made no mention of her termination); *Park*, 71 F.3d at 908 (holding that the plaintiff had failed to exhaust hostile work environment claim because the charge did not identify that claim and "lack[ed] any factual allegations supporting such a claim"); *see also Cornish v. Dist. of Columbia*, 67 F. Supp. 3d 345, 359 (D.D.C. 2014) (citing cases).

III

Had Defendant's motion been the only one before the court, this matter would now be at an end. Plaintiff, however, seeks to save her retaliation claim through amendment of her Complaint. She maintains that because she asserted a retaliation claim in her Amended EEO Complaint, that claim is now exhausted and therefore is now cognizable. *See* Pl.'s Mot. for Leave, at 3. The court disagrees, finding that Plaintiff's effort to amend her Complaint comes too late.

The ADEA imposes two critical time limits by which an employee must assert, as pertinent here, a claim of retaliation. First, to timely exhaust administrative remedies, a plaintiff in the District of Columbia must file a charge of discrimination "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1)(B); *see also Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 373 (D.C. Cir. 2010). "A claim is time barred if it is not filed within [that] time limit[]." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Second, a plaintiff must file a lawsuit in a federal district court within 90 days of

6

receiving notice of the EEOC's dismissal of a charge, or what is commonly known as a "right-to-sue letter." 29 U.S.C. § 626(e).[4] A plaintiff is presumed to have received such notice within three to five days of its issuance, although that presumption can be rebutted by contrary evidence. *See Greer v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 113 F. Supp. 3d 297, 306 (D.D.C. 2015).

Plaintiff's failure to abide by the 90-day time limit here is plain; consequently, the court need not address whether her retaliation claim satisfies the 300-day deadline. Plaintiff filed her Amended EEO Complaint on March 8, 2017. Am. EEO Compl. The very next day, March 9, 2017, the EEOC issued the right-to-sue letter, thus triggering the 90-day limitations period upon Plaintiff's receipt of the letter. *See* Pl.'s Status Report, ECF No. 23, Ex. 4, ECF No. 23-4. Plaintiff, however, failed to act promptly. Instead, she waited until September 8, 2017—more than 180 days after the EEOC's dismissal—to move to amend to her Complaint to add her now purportedly exhausted retaliation claim. *See* Pl.'s Mot. for Leave. She therefore did not comply with the 90-day limitations period. Accordingly, Plaintiff's attempt to revive her retaliation claim fails as untimely. *Cf. Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1039, 1044 (D.C. Cir. 2008) (affirming dismissal of Title VII discrimination claims as untimely where the plaintiff failed to move to add those claims to a pending complaint within the 90-day window); *Augustus v. Locke*, 934 F. Supp. 2d 220, 236 (D.D.C. 2013) (dismissing claim as untimely because plaintiff failed to amend her complaint within the 90-day window).

Plaintiff offers a disjointed set of arguments in support of her proposed amendment, none of which are convincing. First, Plaintiff urges the court to grant her leave to amend because Defendant would not suffer undue prejudice from an amendment at this early stage of the

---

[4] An employee need not file suit within the 90 days if she administratively appeals the EEOC's dismissal. *See* 29 C.F.R. § 1614.407(a). That exception is inapplicable here because Plaintiff does not claim to have filed such an appeal.

7

litigation. Pl.'s Mot. for Leave at 3. The question of prejudice to Defendant drops out, however, once the court has concluded, as it has here because of the 90-day deadline violation, that a proposed amendment does not advance a cognizable claim. *See Diesel "Repower", Inc. v. Islander Invs., Ltd.*, 271 F.3d 1318, 1322 (11th Cir. 2001) (acknowledging that if an amendment is futile, it is irrelevant that the opposing party would suffer no prejudice from an amendment). Next, Plaintiff argues that her proposed retaliation claim is timely because her claim of retaliation is "ongoing and not limited to one discrete incident." Pl.'s Mot. for Leave, at 4. The Supreme Court in *Morgan*, however, expressly rejected a similar "continuing violations" theory under Title VII, *see* 536 U.S. at 114, and that holding is equally applicable in the context of the ADEA, *see Law v. Continental Airlines Corp., Inc.*, 399 F.3d 330, 333 (D.C. Cir. 2005) (applying *Morgan* to ADEA claims). Finally, Plaintiff argues that her proposed retaliation claim is timely because it "includes incidents that took place within the 300-day statutory timeframe (since May 12, 2016)." Pl.'s Mot. for Leave at 4 (citing Am. Compl. ¶¶ 51, 52). Maybe so, but that is beside the point. Plaintiff's more than 180-day delay in seeking to amend her Complaint is fatal to her claim, regardless of whether her claim is timely under the 300-day statutory time period.

In short, because permitting Plaintiff to amend her Complaint to renew her claim of retaliation would be futile, the court denies Plaintiff's Motion for Leave to File Amended Complaint. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (authorizing courts to deny leave to amend when doing so would be futile); *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

IV

For the foregoing reasons, the court grants Defendant's Motion to Dismiss, ECF No. 27, and denies Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 31.

A separate order accompanies this Memorandum Opinion.

Dated: November 21, 2017

Amit P. Mehta
United States District Judge